UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WILLIAM SONNIE,

Plaintiff,

v.

E & T ELECTRIC, LLC,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, William Sonnie, by and through his attorneys, HKM Employment Attorneys, LLP, for his Complaint & Jury Demand against E & T Electric, LLC ("Defendant" or the "Company") states and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an employment discrimination case arising from Defendant's failure to accommodate, discrimination toward and wrongful termination of Plaintiff because of his actual and/or perceived disability, diabetes, in violation of the Americans with Disabilities Act, as amended ("ADA").   Put simply, Defendant terminated Plaintiff on September 14, 2018 because it incorrectly believed Plaintiff's diabetes made it unsafe for him to work.  Defendant's termination of Plaintiff also occurred the day after he suffered a hypoglycemic episode during his lunch break at work; as well as only two days after Plaintiff requested the accommodation of being allowed to take occasional, modest breaks to have a snack or check his blood sugar while working.

## PARTIES

2.      At all times relevant to this Complaint, Plaintiff is and was a resident of Wyoming.

3.      Defendant E & T Electric, LLC is a Colorado limited liability company with a principal place of business located at 229 9th Avenue, Greeley, Colorado 80631.

## JURISDICTION AND VENUE

4.      Plaintiff incorporates by reference the above paragraphs as though set forth separately and fully herein.

5.      This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and based on diversity of citizenship under 28 U.S.C. § 1332.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

7.      Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

8.      Plaintiff filed his Charge of Discrimination Number 32A-2019-00555 with the Equal Employment Opportunity Commission ("EEOC") for disability discrimination and retaliation on or about May 22, 2019.  Plaintiff was issued a Notice of Right to Sue with respect to the above Charge Number on November 27, 2019, and Plaintiff has filed the present action within ninety (90) days of receipt of same.

9.      Plaintiff has met all administrative prerequisites prior to filing this action.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates by reference the above paragraphs as though set forth fully

and separately herein.

11.     Defendant is an electrical industrial contractor.

12.     Plaintiff, as a diabetic, is an individual with a disability which, without ameliorative devices, substantially limits one or more major life activities in that it affects the operation of Plaintiff's endocrine system.

13.     Plaintiff began working for Defendant on or about September 4, 2018 as an Apprentice Electrician.

14.     During his employment with Defendant, Plaintiff performed his job duties satisfactorily and met or exceeded his employer's legitimate performance expectations.

15.     On or about September 12, 2018, Plaintiff was working at a job site in Yankton, South Dakota, where he disclosed his diabetes to his supervisor, Luis Irias.

16.      On the same day, Plaintiff also engaged in the protected activity of requesting the reasonable accommodation of being allowed to take modest breaks occasionally to have a snack or check his blood sugar while working.

17.     Mr. Irias responded approving Plaintiff's requested accommodation and asked Plaintiff if he had his medication with him.  Plaintiff told Mr. Irias he had a cooler with his insulin in it in the work trailer.

18.     The next day, on or about September 13, 2018, Plaintiff was hauling tools up to the rooftop of the building they were working on via a ladder on the side of a two-story building. Plaintiff went up and down the ladder approximately six (6) times.  Plaintiff did not feel lightheaded, however, until he and his coworkers, along with Mr. Irias, went to a Chinese restaurant for lunch.

19.     As the group was walking into the restaurant, Plaintiff started to feel lightheaded and a little weak, symptoms of hypoglycemia.  Because Plaintiff did not bring his medication to the restaurant with him, he went to the dessert buffet and tried to stabilize his blood sugar.  As he ate, Plaintiff began sweating and started feeling confused.

20.     Eventually, Plaintiff's coworkers got up to leave and asked Plaintiff if he was coming.  Mr. Irias also looked concerned and asked Plaintiff if he needed to be taken to the emergency room.  Plaintiff told him no.  Mr. Irias then said that he could not let Plaintiff work in his condition and Plaintiff agreed to go back to the motel at which the group had been staying.

21.      The next day, on or about September, 14, 2018, was supposed to be the last day at the Dayton jobsite.  When everyone was ready to leave, Mr. Irias told Plaintiff to ride in Mr. Irias's car with him back to Grand Island, Nebraska.

22.     In the car, Mr. Irias eventually began asking Plaintiff about his job interview and who had interviewed Plaintiff.  Plaintiff told Mr. Irias that he had interviewed with Tony Regalado, Defendant's owner.  Mr. Irias asked Plaintiff if he thought the application process was good, and Plaintiff replied yes.  Mr. Irias then asked Plaintiff why he did not tell Mr. Regalado about his diabetes.  Plaintiff told Mr. Irias that he would have, but he did not feel it was necessary.

23.     As they got closer to their destination, Mr. Irias told Plaintiff, "At this point, the company has decided to terminate."  Plaintiff asked if it was because of his low blood sugar from the day before, and Mr. Irias told Plaintiff, "Yea, I mean it's not safe for you.  The work that we do it is not safe for you."

24.     In the Position Statement Defendant submitted to the EEOC on August 23, 2019, Defendant confirmed that Plaintiff "was let go … because there was a concern that he could be a

danger to himself and/or others.  This concern came about because of the incident at the restaurant, on Sept[ember] 13, 2018[.]"

## FIRST CLAIM FOR RELIEF

**(Disability Discrimination and Failure to Accommodate in Violation of Section 102(a) and (b)(5)(A) of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112(a) and (b)(5)(A))**

25.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

26.     Plaintiff is a disabled person within the meaning of the ADA.

27.     Plaintiff's diabetes is a physical impairment which, without ameliorative devices, substantially limits one or more major life activities as compared to the general population.  For example, Plaintiff's diabetes, when active, affects the operation of his endocrine system.

28.     Though Plaintiff suffered from a disabling medical condition at the time of his termination, Plaintiff was qualified for his job and capable of performing the essential functions of his position with reasonable accommodations.  Plaintiff further would have been able to perform the essential functions of his job without endangering himself or others.

29.     At the time of Plaintiff's termination, Plaintiff was also regarded as being disabled by Defendant.

30.     Defendant perceived Plaintiff as being substantially limited in his ability to work due to his diabetes, when Plaintiff was not so limited.

31.     Defendant discriminated against Plaintiff because of his disability by denying Plaintiff reasonable accommodation and failing to engage in an interactive process calculated to develop a reasonable accommodation for Plaintiff prior to terminating his employment.  Such reasonable accommodation would have permitted Plaintiff to perform the essential functions of

his position and would not have imposed any undue hardship on Defendant.

32.     For instance, Plaintiff requested the accommodation of being allowed occasional, modest breaks to have a snack or check his blood sugar while working.

33.     Defendant effectively denied Plaintiff's request of being allowed occasional, modest breaks to have a snack or check his blood sugar while working by terminating his employment for requesting and/or using an accommodation approved by Plaintiff's supervisor.

34.     Allowing Plaintiff occasional, modest breaks to have a snack or check his blood sugar while working would not have caused an undue hardship on Defendant.

35.     On September 14, 2018, Defendant further discriminated against Plaintiff because of his actual and/or perceived disability by terminating Plaintiff's employment, in violation of the ADA.

36.     The effect of Defendant's discriminatory practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his actual and/or perceived disability, and/or Defendant's effective denial of Plaintiff's request for reasonable accommodation of his actual and/or perceived disability.

37.     Defendant's above-described conduct was intentional.

38.     Defendant's above-described conduct was done with malice or reckless indifference to Plaintiff's federally protected rights.

39.     As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and he is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of the ADA, as amended, 42 U.S.C. § 12203(a))

40.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

41.     On September 12, 2018, Plaintiff made a request for reasonable accommodation related to his actual and/or perceived disability.  Specifically, Plaintiff requested the accommodation of being allowed to take occasional, modest breaks to have a snack or check his blood sugar while working.  In making this request, Plaintiff was engaging in activity protected under the ADA.

42.     Plaintiff further used an accommodation related to his disabling medical condition during his employment with Defendant.  Specifically, Plaintiff was approved to leave work early because of a hypoglycemia episode that occurred during lunch on September 13, 2018.  In using the approved accommodation of being allowed to leave work early, Plaintiff was engaging in activity protected by the ADA.

43.     Defendant retaliated against Plaintiff after he engaged in the above-described protected activity by terminating his employment on September 14, 2018. Termination is a consequence that would tend to discourage similarly situated employees from requesting and/or using accommodations related to a protected medical condition.

44.     A causal connection exists between Plaintiff's protected activities and Defendant's materially adverse actions, i.e., Defendant refused to engage in the interactive process with Plaintiff prior to deciding to terminate his employment because he used and/or requested reasonable accommodations related to his disabling medical condition.

45.     Defendant's above-described conduct was intentional.

7

46.     Defendant's above-described conduct was done with malice or with reckless indifference to Plaintiff's federally protected rights.

47.     As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience, and he is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendant and order the following relief as allowed by law:

A.     Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, garden-variety emotional distress, pain, inconvenience, mental anguish, and loss of enjoyment of life;

B.     Punitive damages for all claims as allowed by law;

C.     Attorneys' fees and costs of this action;

D.     Pre-judgment and post-judgment interest at the highest lawful rate; and

E.     Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 25th day of February 2020.

HKM EMPLOYMENT ATTORNEYS LLP

By: _s/ Shelby Woods_
    Claire E. Hunter (39504)
    Shelby Woods (48606)
    HKM Employment Attorneys LLP
    730 17th Street, Suite 750
    Denver, Colorado 80202
    chunter@hkm.com
    swoods@hkm.com
    *Attorneys for Plaintiff William Sonnie*